## LEVY vs. LAWSON.

On a motion against a sheriff for judgment, under the statute, made by an execution
    creditor, alleging that he had sold property sufficient to pay the execution in whole
    or in part, and that he had received the money on the writ, and refused to pay it over,
    he cannot shelter himself behind his return; but that may be shown to be false.
The plaintiff is not driven, in such case, to *an action* for a false return.   The remedies
    are concurrent.
In a *suit* for false return, on his official bond, the recovery will be for the full amount
    of the execution.   Upon the motion, the sheriff is only chargeable with the amount
    of property actually sold, or money collected, and the damages given by law.

THIS was a proceeding by motion, under the statute, against Law-
son, as sheriff of Pulaski county, upon an allegation that he had sold
property, or made money on an execution in favor of Levy against
Mitchell & Charles, sufficient to pay off the execution in whole or
part, and failed to pay over; determined in Pulaski Circuit Court, in
November, 1842, before the Hon. JOHN J. CLENDENIN, one of the
circuit judges.

On the trial of the motion, Lawson produced the execution, on
which he had returned that he took the body of Mitchell, and dis-
charged him on his giving bond to keep the prison bounds.   Levy
then offered to prove the truth of the matters stated in his motion, by
parol and written testimony; but the Court decided that the return
could not be so contradicted in this proceeding, and refused to receive
such evidence.   Levy excepted.   Judgment for Lawson, and error.

Levy *vs.* Lawson.

The case was argued here by *Ashley & Watkins*, for plaintiff in error, and *Trapnall & Cocke*, contra.

*By the Court*, LACY, J. It is contended that, admitting the return to be false, yet the sheriff is only answerable for it by an ordinary suit on his official bond; and that the sixty-second and third sections of chapter sixty, of the Revised Statutes, establish this position. It is true that these sections give the party aggrieved on a false return, his action against the sheriff and his securities on his official bond; but they do not in express terms, or by necessary implication, exclude his remedy by motion. And section sixty-four of the same act expressly gives the remedy by motion against the sheriff in two classes of cases. The first is where he has sold property levied on by the execution, and refused to appropriate the proceeds of the sale to its satisfaction. The second is where he has received the money on the execution, and fails to pay it over upon demand. In the present instance the sheriff is charged with this double liability. It is alleged, and was offered to be proved, not only that he sold property to pay the execution in whole or in part, but that he had actually received the money upon the writ, and refused payment. To allow the sheriff to protect himself on this motion, by making his own return conclusive, would be virtually to repeal the section we are considering; and that, too, in a class of cases which fully warrants this summary proceeding, upon the soundest principles of justice and public policy. By virtue of sections 62 and 63, the sheriff and his securities are answerable by suit for a false return on his official bond; and the recovery, in such a case, is for the full amount of the execution. The 64th section gives a remedy by suit as well as upon motion against the sheriff; and the party injured may elect to proceed in either mode; and the sheriff is only chargeable, under this provision, for the property actually sold, or money collected on the execution, with the amount of damages therein specified. All these several and different remedies are given for neglect of official duty, and as a necessary means of enforcing its fulfilment. Judgment reversed.