FORT SMITH DISTRICT OF SEBASTIAN COUNTY *v.* EBERLE.

Opinion delivered October 2, 1916.

1. CONSTITUTIONAL LAW—CREATION OF PERMANENT OFFICE—STATE BOARD OF HEALTH AND BUREAU OF VITAL STATISTICS.—Act 96, p. 352, Acts of 1913, creating the State Board of Health and Bureau of Vital Statistics, *held* not invalid as creating a permanent office, in violation of the State Constitution.

   STATE BOARD OF HEALTH—TERMS OF OFFICE.—The State Board of Health and Bureau of Vital Statistics was created by Act 96, Acts of 1913, p. 352, and the members thereof are authorized to be appointed by the governor, and the board is to be continued by the appointment of other members upon the expiration of the terms of those first appointed.

3. STATE BOARD OF HEALTH—LOCAL REGISTRAR—STATE OFFICER.—Local registrars, appointed under Act 96, p. 352, Acts of 1913, creating the State Board of Health and Bureau of Vital Statistics, *held* to be State and not county officers.

Appeal from Sebastian Circuit Court; *Paul Little,* Judge; reversed.

*Geo. W. Dodd,* for appellant.

1. The act is unconstitutional and void. It delegates legislative powers to the board as well as *police power* and creates permanent State officers. 29 Cyc. 1370; 72 Ark. 195; 6 Rul. Case Law, p. 164, § 165; *Ib.* 70 to 74; 135 Cal. 466; 52 L. R. A. 287; 26 *Id.* 715 28 *Id.* 609; 40 Md. 273; 50 Fed. 406; 63 Cal. 21; 156 Pa. St. 539; 51 S. W. 1126; 77. N. E. 321; 74 Pac. 598.

2. Sec. 10 providing for payment of the local registrar by the county is clearly unconstitutional. Art 7, § 28 Constitution. County courts have *exclusive* jurisdiction as to the disbursement of money for county purposes. The Bureau is not a county concern. The county gets no benefit and it has nothing in common with county government. The financial affairs of counties are administered by the county courts. Kirby's Dig., § 1499, 1500. There is a limit to the taxing powers of counties and the Legislature cannot impose burdens beyond the limit. This Bureau is a State board and its affairs are administered by State officers. The county is not liable for his salary or fees. See 178 S. W. 930; 175 *Id.* 37; 28 Ark. 317; 27 *Id.* 603; 32 *Id.* 676; 37 *Id.* 649. Even if § 10 be stricken out of the Act, leaving the balance of the Act to stand, the county court is left helpless and without power to limit or restrain expenditures under the Act. The Act is unreasonable, dictatorial, injurious, improper, incomplete, indefinite and void. Cases *supra;* 114 Ark. 217. The latter case did not present a clear case of violation of the constitutional prohibition, but this case does. 6 R. C. L. 70, 74.

*Wallace Davis,* Attorney General, *Hamilton Moses,* Assistant, and *Oglesby, Cravens & Oglesby,* for appellee.

1. The act is not unconstitutional. The courts resolve all doubts in favor of the constitutionality of an Act. There must be a clear abuse of legislative power. 93 Ark. 612; 102 *Id.* 166. The Governor is only granted power to appoint the State Board of Health, but has nothing to do with the management or control. 86 Ark. 555. None of the cases cited by appellant support his

contention that the Act is void because it delegates police powers or other powers to a board.    The legislature may create administrative boards to carry out the legislative will.    6 Ruling Case Law, 179, 181; Ann. Cas. 112 A. (100 and note;) *Ib.* 1913; D. 52 and note, 218; *Ib.* 1913 B. 218. Especially is this true of the police power.

2.    The case of *Green* v. *Bank*, 114 Ark. 212 settles the question that the board is temporary merely and not permanent.

3.    Courts are not concerned in the expediency, wisdom or justice of legislative acts.    58 Ark. 407.    There is nothing in the constitution prohibiting county judges from paying the salary of the registrar, and unless inhibited by the constitution the legislature has full power over all matters of taxation and disbursement of taxes. 103 Ark. 529; 1 Cooley on Taxation, p. 4-6; 28 Ark. 317.

KIRBY, J.    This appeal comes from a judgment of allowance by the circuit court on appeal from the county court, of a claim against the county by appellee, as compensation for services as Local Registrar of Vital Statistics.

A certificate of the State Registrar to the County Treasurer, of the amount due was filed with the affidavit required by the statute to authenticate claims against the county, made by appellee, and upon the claim being disallowed, an appeal was taken to the circuit court.

It is conceded that appellee rendered the services charged for under the provisions of the law creating the State Board of Health and Bureau of Vital Statistics, Act 96 of Acts 1913, p. 352.

It is contended that said law is unconstitutional as creating permanent offices, contrary to the provisions of the constitution and in providing for payment out of the county treasury for the services of the local registrar, which is claimed to be a district and State office and in the method of drawing the money from the county treasury.

(1)    The majority is of opinion that the first contention has been decided adversely in the case of *Greer* v. *Merchants and Mechanics Bank*, 114 Ark. 217, by which this case is ruled.    A like contention was made there

that the act creating the State Bank Department for a period of 12 years was unconstitutional. The court held otherwise and said of these provisions of the Constitution, Sec. 9, Article 19: "We are of opinion that this command is one necessarily addressed to the Legislature itself and that that branch of the government must determine how far it can exercise its powers without disobeying that command. We attach little, if any, importance to the provision of the statute limiting the time to twelve years, for we think the Legislature has the power to determine whether an office to be created is permanent or temporary, whether expressly declared in the act or not. If it is created as a temporary office, we must assume that the Legislature found it to be such. The creation of the office implies a determination that it is temporary, and not permanent. There can be no irrepealable laws which depend for existence entirely upon the legislative will, and any office created by the Legislature is temporary in the sense that it is subject to the legislative will, and may be abolished at any time."

There is no provision in this act limiting the existence of the boards to any period of time and the writer and Mr. Justice Hart think this furnishes a ground for distinguishing the cases and that a department and offices created by a law, which does not provide for the termination thereof, can in no wise be regarded otherwise than permanent, within the meaning of the Constitution which provided for and designated all permanent offices regarded necessary for the conduct and management of the State's affairs and expressly prohibited the creation of others.

(2) The objection that no provision is made for appointment of members of the board at the expiration of the terms of those first appointed, is without merit. The board is created by law and the members are authorized to be appointed by the Governor and the language used indicates that it should be continued by the appointment of other members upon the expiration of the terms of those first appointed and authorizes such appointment.

(3)   A decision of this case does not require that we shall determine whether the manner of payment of the local registrar out of the county funds upon the certificate of the State Registrar that the amount is due is in conflict with the provisions of the Constitution granting powers and jurisdiction to the county court, since the method followed in this instance is that prescribed by law for the collection of all claims against the county.   The court is of opinion however, that the local registrar is a State rather than a county officer, since by the terms of the act the State Registrar is required to "divide the State into registration districts, designating the boundaries thereof and appointing local registrars in each district. Each registration district shall have at least one county therein." The local registrar is appointed by the State Registrar, without the consent or approval of county authority, to whom only he reports the certificates and statistics of births and deaths which are not reported to the county at all, except by the State Registrar to the county treasurer for the sole purpose of determining the amount to be paid the local registrar and his services cannot properly be regarded a county purpose within the meaning of the constitutional provision, giving the county court exclusive jurisdiction in all matters relating to   *   *   *   the disbursement of money for county purposes and in every other case that may be necessary to the internal improvement and local concerns of the respective counties   *   *   *   Article 7, Sec. 28, Constitution.   *Cotham* v. *Coffman*, 111 Ark. 115.

That part of the act relating to the payment for the services of the local registrar out of the county treasury, can be stricken out without affecting its validity otherwise, since it is easily apparent that the Legislature would have passed the act without that provision in it.   *Cotham* v. *Coffman, supra.*

It follows that the judgment of the circuit court is erroneous, and it is reversed and the cause dismissed.