## DAVIS, ADMINISTRATOR, *v.* McCANDLESS.

## Opinion delivered October 8, 1917.

1. APPEAL AND ERROR—ERROR ON FACE OF RECORD.—Where an error appears upon the face of the record, no motion for a new trial nor a bill of exceptions is necessary.

2. DOWER—SALE OF LANDS—PROCEEDS.—Where lands belonging to deceased, were sold by his administrator to satisfy a debt, the widow is entitled to one-third interest in the proceeds remaining in the administrator's hands, and takes the same as dower, and not absolutely.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*Brundidge & Neelly,* for appellant.

1. No motion for new trial, nor bill of exceptions is necessary, as the error appears upon the face of the record. 11 Ark. 474; 125 *Id.* 308; 66 *Id.* 180.

2. The court erred in granting the widow dower absolutely in one-third of the proceeds of the sale of the lands. She should only have been endowed for life. 87 Ark. 505; 2 Woerner on Adm., 481.

*Eugene Cypert,* for appellee.

1. There was no motion for new trial nor bill of exceptions.

2. The widow was entitled to dower in the surplus remaining after a sale of the lands to satisfy the vendor's lien. Jones on Mortgages, § 1693; 9 Am. & E. Dec. in Eq. 147; 40 Oh. St. 391; 46 *Id.* 407; 52 *Id.* 624; 55 Ark. 225; 11 Ballard, Real Prop., § 71.

### STATEMENT BY THE COURT.

On June 24, 1911, J. A. Greer sold to one J. A. McCandless certain lands in White County. Part of the consideration was paid and a vendor's lien was retained for the balance. In February, 1914, McCandless died. Appellee filed in the probate court the following petition:

"Comes M. J. McCandless, as the widow of J. A. McCandless, and says: That she is entitled to a dower interest in the proceeds of the sale of certain lands belong-

ing to the estate of her husband; that one B. F. Davis has been appointed administrator of his estate and has sold land belonging to the same for the sum of $2,400, and that she is entitled to a portion of the purchase money thereof. Wherefore, she asks that she be assigned dower and that said administrator be required to pay her whatever she may be entitled to and for all other relief.''

Whereupon the court made the following order:

''On this day is presented the petition of M. J. Mc-Candless, widow of J. A. McCandless, praying an allotment of dower to funds in the hands of B. F. Davis, administrator, and it appearing that there is the sum of $1,732.35 in his hands from the commissioner of the White Chancery Court and that his widow is entitled to one-third of the same. It is therefore by the court considered, ordered and adjudged that said administrator, B. F. Davis, be, and he is hereby ordered to pay over to the said M. J. McCandless the sum of $577.45, the receipt for which will be proper voucher in his settlement as such administrator.''

The administrator filed an affidavit for appeal, as follows:

''Now on this day comes B. F. Davis, administrator, and prays an appeal from the order of the White Probate Court in the above entitled cause, allowing and setting aside to M. J. McCandless the sum of $577.45 as her dower interest in the sale of certain lands made by the administrator. Your affiant states that the appeal taken by him in this cause is not taken for the purpose of delay, but that justice may be done.''

The appeal was granted by the probate court. The circuit court, on appeal, entered the following judgment:

''On this day comes the plaintiff, M. J. McCandless, by her attorney, Eugene Cypert, and comes the defendant, by Brundidge & Neely, his attorneys, and this cause is submitted to the court upon the pleadings and testimony of witnesses, and the court having heard the same and being advised as to the law and the testimony, doth find that the said administrator has in his hands the sum

of $1,732.35. It is therefore considered, ordered and adjudged that the judgment of the probate court of White County in allotting dower to the plaintiff, M. J. McCandless, be, and the same is affirmed, and the administrator, B. F. Davis, as administrator of the estate of J. A. McCandless, be and he is hereby directed to pay over to the plaintiff, M. J. McCandless, the sum of $577.45 and take credit on his settlement of the same with the probate court of White County, and that the said plaintiff, M. J. McCandless, do have and recover of and from the defendant, B. F. Davis, as administrator, the sum of $577.45 and all costs in this suit expended.''

Appellant filed no motion for a new trial, and no bill of exceptions, but prosecutes this appeal from errors which he contends appear on the face of the record.

WOOD, J., (after stating the facts). The petition for dower alleged that the administrator has sold land belonging to the estate of J. A. McCandless, and that appellee as the widow was entitled to one-third of the proceeds of such sale.

The affidavit for appeal set up that the appeal was prayed ''from the order of the White Probate Court, allowing and setting aside to Mrs. M. J. McCandless the sum of $577.45 as her dower interest in the sale of certain lands made by the administrator.

The order of the probate court shows that the case was heard upon ''the petition of M. J. McCandless, as widow of J. A. McCandless, praying an allotment of dower to funds in the hands of B. F. Davis, administrator,'' and that the sum in his hands was $1,732.35, the proceeds of the sale of lands ''belonging to the estate of her husband.''

The judgment of the circuit court shows that the cause was ''submitted to the court upon the pleadings and the testimony of witnesses.'' And the circuit court found that there was $1,732.35 in the hands of the administrator, and affirmed the judgment of the probate court allowing appellee $577.45 as dower.

(1)   The court erred in granting to appellee the absolute title to one-third of the amount of the proceeds from the sale of these lands, and this error appears on the face of the record.   It was, therefore, unnecessary for the appellant to have filed a motion for a new trial and to have presented a bill of exceptions in order to have this court review the error on appeal.   Where an error appears upon the face of the record no motion for a new trial and bill of exceptions is necessary.   *Anthony* v. *Sills,* 111 Ark. 468, 474, and cases cited; *Baucum* v. *Waters,* 125 Ark. 305, 308, and cases cited.

(2)   Mr. Woerner says: "The surplus of the proceeds of a sale (of real estate) ordered for the payment of debts remaining after the debts and expenses of administration have been discharged retains the character of real estate for the purpose of determining who is entitled to receive it, and goes to the persons to whom the real estate would have gone but for the conversion." 2 Woerner on Administration, p. 481.

In *Kitchens* v. *Jones,* 87 Ark. 502, we held (quoting syllabus): "Where decedent left real property subject to a mortgage, which was subsequently foreclosed by order of court, the surplus of the proceeds of the foreclosure sale retained the character of real estate for the purpose of determining who was entitled to receive it."

The Chief Justice, after reviewing the authorities, concludes his opinion as follows: "In this case his equity of redemption descended, at his death, to his widow and children, according to the statute of descent and distribution, as realty.   Its subsequent conversion to pay the debts against it does not let them in to share in it as personal property, for the only purpose of the conversion was to pay the mortgage debt, and not to change the status of the property."

The doctrine announced in that case rules this.   It follows that the appellee was entitled to her dower in the surplus proceeds of the sale of the lands belonging to the estate of her deceased husband, but the court, by appropriate order, should have assigned her dower interest as

in realty, and not absolutely as in personalty. The court should have ascertained the amount of her dower interest in the proceeds and should have awarded to her such interest for her use and benefit during her life.

Appellee contends that the court below may have found from the evidence that the funds in the hands of the administrator was the result of the collection of land notes in the possession of the administrator, or that the sale was made by the commissioner of the chancery court under an agreement that the widow should have one-third of the proceeds of the sale. The answer to this is, that this court can not assume that evidence was adduced beyond the scope of the issues set forth in the pleadings. The petition, as we have seen, shows that appellee sought dower out of the proceeds of the sale of lands belonging to the estate of her husband. The administrator had no right to sell the lands except for the payment of debts, and her dower in any surplus went to her, as real estate and not personalty.

It appears on the face of the judgment that it was not responsive to the issues raised by the pleadings, and the judgment will therefore be reversed and the cause remanded with directions for further proceedings according to law and not inconsistent with this opinion.