DAVIES & DAVIES *v.* PATTERSON.

Opinion delivered December 22, 1917.

1. SUMMARY PROCEEDINGS—ACTION BY CLIENT AGAINST ATTORNEY.— The statute authorizing a client to proceed in a summary way on motion before the circuit court to procure judgment against his attorney for money which the attorney has received for him, was not intended as a substitute for the ordinary action for money had and received. Kirby's Digest, secs. 449 and 4480.

2. ATTORNEY AND CLIENT—SUMMARY PROCEEDINGS AGAINST ATTORNEY FOR MONEY COLLECTED.—Kirby's Digest, sections 449 and 4480, are intended to cover those cases only where the attorney has received or collected money for his client and makes no *bona fide* defense either in a written answer, duly verified, or by proof, in the absence of written pleadings, showing that the money is held by him upon a *bona fide* claim that he is entitled to the same for his fee, or that he is entitled to hold the same in payment or as a lien for legal services rendered his client or some other claim of set-off.

3. ATTORNEY AND CLIENT—SUMMARY PROCEEDINGS—MONEY COLLECTED.—In a summary proceeding wherein a client seeks to recover from his attorney money collected for him, a written answer may be filed, and where the attorney appears, and files a verified answer, which shows a meritorious defense upon its face, the court can not render summary judgment against him upon the motion of the client. In such a case the court should deny the motion and treat the proceedings as an ordinary action at law and transfer the same to the proper docket, and allow it to take its proper course as such proceeding.

4. APPEAL AND ERROR—ERROR ON FACE OF RECORD.—No motion for a new trial is necessary where an error appears upon the face of the record.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

The appellants *pro se.*

1. Summary statutes of this character are highly penal and should receive strict construction. 56 Ark. 45. Defendants acted in good faith. They had a meritorious defense and set it up by answer. They had an attorney's lien, and it was error to render summary judgment. Plaintiff should have been remitted to his remedy at law. 4 Cyc. 695; Jones on Liens (3d Ed.), § 151; 19 Pa. St. 95; 14 Phila. 287; 87 N. Y. 550; 83 Ill. 194; 10 Vt. 183; 78 Ind. 225; 14 Iowa, 286; 67 Ga. 329; 70 *Id.* 349; 10 Wall, 483; 2 Ark. 512, 570; 30 *Id.* 761; 29 *Id.* 99; 25 *Id.* 462; 40 *Id.* 377; 14 L. R. A. (N. S.) 1101; 1 Cyc 984.

2. No motion for new trial was necessary—the error appears of record. 122 Ark. 148; 126 *Id.* 118; 31 R. I. 432; 124 App. Div. 935; 6 C. J. 717, 712, § 264, etc.

*Martin, Wootton & Martin,* for appellee.

The proceeding is statutory. Kirby's Digest, ch. 94. No motion for new trial was filed. 122 Ark. 148; 126 *Id.* 118. No error is apparent upon the face of the record.

### STATEMENT OF FACTS.

On the 21st of April, 1917, the appellee served notice upon the appellants that he would make application to the circuit court of Garland County on the 4th day of May, 1917, for a summary judgment against them on account of moneys collected and received by them as appellee's attorney, setting out in the notice that he claimed this sum by reason of appellants having collected $678.04 due appellee from the Commercial Union Fire Insurance Company which appellee alleged had been retained and kept by appellants without right and after demand therefor.

On May 1st, appellee filed his motion, setting up that he had employed the appellants as his attorneys to make settlement for him of a loss due him from five fire insurance companies, among which was the Commercial Union Fire Insurance Company; that the loss was adjusted

and the insurance company named drew its draft payable to the order of the appellee in the sum of $678.04; that appellants, without authority, endorsed the name of the appellee on the draft and collected the same; that they had wholly failed to pay the appellee, although he had made lawful demand therefor. He prayed judgment for the above sum.

Appellants filed a general demurrer to the motion, which was overruled, and appellants then answered, alleging substantially as follows: They denied that they were employed by the appellee to assist him in making settlement of a loss due him from five fire insurance companies; alleged that appellee claimed that he had sustained a loss of between $7,500 and $8,500 and that the insurance companies had offered in settlement the sum of $4,400, which appellee had declined to accept; that he employed the appellants to take charge of the entire matter and bring suit for the amounts specified in the policies, and for penalty and attorney's fees; that the appellee agreed to pay the appellants the sum of $100 as a retainer and whatever costs they incurred; that it was agreed that in case appellants did not recover more than the insurance companies had offered that the sum of $100 should be considered as full payment for such services; that in case they recovered more and in case the court awarded appellants a reasonable attorney's fee the appellants would refund to the appellee the sum of $100 paid by him as a retainer; that the contract was in writing; that the attorneys prepared proofs of loss and forwarded same, showing and claiming damages in the amount of $8,500, and waited for the sixty days to elapse, expecting and believing that unless the companies in the meantime paid the full amount of the loss they would be permitted to bring suits; that appellee agreed to settle the claims with the companies for the sum of $5,000 without the knowledge or consent of the appellants and refused to pay appellants anything until he had collected the sum of $5,000; that he had refused to pay the costs incurred by them, amounting to $26; that the insurance companies

did not pay the appellee the sum of $5,000 which they had agreed to pay under the settlement made with them by the appellee, and the time having expired when the whole amount was to have been paid the appellee asked the appellants what he should do in the premises, and in response to his request they notified him of their intention to bring suits for the full amount of the policies unless appellee telegraphed within a certain time for them not to do so; that appellee did not notify them within the time not to bring the suits and they proceeded to institute the same in his name against the companies; that ·in order to effect the settlement which appellee claimed to have made the appellants endorsed the check set up in the motion of appellee, with two others, in the name of appellee by appellants as his attorney; that the check for $678.04 was paid to them, but that payment was refused on the others on account of not having the personal endorsement of the appellee; that in order to give notice to the endorsees and the drawer appellants attached to the drafts the original or a certified copy of the contract between them and the appellee; that at the time the suits were instituted none of the drafts had been paid except the one for $678.04, and at the time the suits were instituted the appellants were under the impression that the $678.04 had not been paid, and that appellants were informed and believed that none of them had been paid; that shortly after appellants had instituted suits for an amount aggregating $7,840 the appellee demanded that the suits be dismissed, and employed other attorneys to represent him, who made a demand upon the appellants for the payment of the sum of the $678 held by them; that the appellants refused to dismiss the action unless the appellee would pay them a reasonable attorney's fee, in addition to the $100, and costs they had expended, which appellee refused to do; that appellants were willing to adjust the matter of the difference between them and the appellee as to the amount of their fees, but alleged that they owed the appellee nothing if they were allowed the benefit of their contract with him.

They alleged that if the appellee had not violated his contract with the appellants and made settlement with the insurance companies without their knowledge or consent and had not deprived the appellants of the benefit of their contract to represent him in the bringing of suits against the insurance companies that such suits would have resulted, in case of a judgment in his favor for $5,000 or more, in securing to them a reasonable fee, which they alleged to be more than the sum of $678.00 in their hands; that the insurance companies were fully informed, both in writing and verbally, of the extent of the appellants' authority to collect the drafts, and that if they paid the draft to appellants through mistake that the money in their hands is the property of the company that paid it, and that they are responsible for the money. They further alleged that they were ready to account to the appellee in good faith for the money in their hands, and that the only controversy between them was as to what amount was due them by the appellee. They alleged that they were desirous of having the amount due them fixed in a lawful manner and offered to pay any sum found by the court, upon a final determination of the matter, to be due, and to enter into a sufficient bond to that effect. They asked that a correct and reasonable fee, under all the circumstances, be allowed them, and that the motion for a summary judgment be dismissed, and that they recover their costs, and that the appellee be permitted to resort to such remedies as he might have in ordinary methods of procedure in the courts.

The written contract made an exhibit to the answer was as follows: "It is hereby agreed by and between A. J. Patterson and the firm of Davies & Davies, attorneys, that the said attorneys are to attend to the business of securing a settlement of the claim of said Patterson for payment of five insurance policies for damages on account of fire sustained to and on account of a fire Nov. 2, 1916, by which the building and furniture of said Patterson were burned, situated on Lot 10, block 146, in Hot Springs, Arkansas, for a fee of one hundred dollars to

be paid by said Patterson whether suit is brought or not. If suit is brought and a recovery is had for an attorney's. fee, it is agreed that the amount paid by the said Patterson shall be returned to said Patterson from any fee so recovered. If no fee is allowed by the court then said sum of $100 is to be kept by said Davies and Davies, and in that event shall be considered as payment in full for such services as shall be rendered by said Davies and Davies, on account of the fact that said Patterson shall have the costs of any such suit to pay, and shall not have recovered more than the insurance companies have offered to pay.''

The answer was signed and sworn to by R. G. Davies, the senior member of the law firm of appellants, and the one who conducted the negotiations with the appellee.

The court proceeded to hear testimony on behalf of the appellee and also on behalf of the appellants, which testimony is preserved and brought into this record by bill of exceptions.

The court, after hearing the testimony, rendered judgment in favor of the appellees for the sum of $560.04, with interest, the same being the amount claimed in the motion for summary judgment less the sum of $100 which the court found to be due the appellants as their fee for legal services and the sum of $18 due them on account of costs which they had paid out for the use and benefit of the appellee. There was no motion for a new trial. The appellant prayed for and was granted an appeal in the lower court and has prosecuted his appeal to this court.

WOOD, J., (after stating the facts). It is insisted by counsel for appellee that inasmuch as no motion for a new trial was filed that no issues of fact will be inquired into by this court, and further insisted that there are no errors appearing upon the face of the record and that therefore the judgment should be affirmed.

(1) The statute authorizing a client to proceed in a summary way on motion before the circuit court to procure judgment against his attorney for money which

the attorney has received for him, was not intended as a substitute for the ordinary action for money had and received. Kirby's Digest, Secs. 449, 4480.

The proceedings against an attorney under these statutes are not in the nature of a common law action or an ordinary civil action under our code of procedure, but they are special statutory proceedings and are penal in character and must therefore be strictly construed. *Milor* v. *Farrelly,* 25 Ark. 353; *Cooley* v. *Lovewell,* 95 Ark. 567.

(2) The statutes were intended to cover those cases only where the attorney has received or collected money for his client and makes no *bona fide* defense either in a written answer, duly verified, or by proof, in the absence of written pleadings, showing that the money is held by him upon a *bona fide* claim that he is entitled to the same for his fee, or that he is entitled to hold the same in payment or as a lien for legal services rendered his client, or some other claim of set-off.

(3) The statute provides that the motion shall be heard and determined without written pleadings and judgment given according to law and rules of equity. Kirby's Digest, § 4480 *et seq.* But this does not mean that written pleadings may not be filed, and the court can not proceed to hear the matter simply upon the notice given upon oral motion for a summary judgment if the attorney appears and files an answer, duly verified, which shows upon its face that he has a meritorious ground of defense. This is true for the reason that the statute authorizing the summary judgment authorizes the court, upon entering a summary judgment, to further deal with the attorney as the court may deem just under the provisions of the act. The statute seems to contemplate that if the attorney, upon notice, confesses the facts set up in the motion and makes no *bona fide* defense thereto or denial thereof that the court, on rendering a summary judgment, may treat such facts as the basis of formal charges for suspending an attorney from the practice and may order proceedings to be instituted

against him for that purpose. But if such proceedings to disbar were instituted the attorney could defend against them and set up any *bona fide* defense that he might have and demand a jury trial on the issues of fact raised by him. See *Wernimont* v. *State ex rel. Little Rock Bar Association,* 101 Ark. 210; *Nichols* v. *Little,* 112 Ark. 213.

In *Nichols* v. *Little, supra,* we said: ''The practice in such cases is defined in the case of *Wernimont* v. *State ex rel. Little Rock Bar Association,* 101 Ark. 210, where it was said: 'The proceedings for the disbarment of attorneys are not formal. The prosecution thereof may be conducted in the name of the State by its prosecuting officer, or the court may require a member of the bar to present and prosecute the charges. After due and proper notice has been given to the defendant of the charges preferred against him, the court has the power to proceed with the trial of the matter according to the rules of practice adopted by it, not contrary to any procedure prescribed by statute.' In that case it was held that the attorney was entitled to a trial by a jury, although the judgment in that case was affirmed, notwithstanding a trial by jury had been refused; but this was so because the court found that under the undisputed evidence in the case a verdict should have there been directed, even though the trial had been before a jury. But in the present case the evidence is not undisputed, and appellant would be entitled to a trial by jury. He cannot be said to have waived his right because he was not entitled to demand a jury upon the hearing of the motion for the summary judgment.''

In *Nichols* v. *Little, supra,* we affirmed the judgment rendered by the court on the motion for summary judgment notwithstanding the attorney filed a response thereto which presented an issue of fact that entitled him to a trial by jury, but in that case no objection was urged to the jurisdiction of the court to render summary judgment. The parties submitted to the court's jurisdiction and proceeded to a trial of the issue of fact on the motion

for a summary judgment and the response thereto and the evidence adduced on that issue, and on appeal no objection was raised to the jurisdiction of the court to hear the cause and to render a judgment on the motion for summary judgment and the response thereto. Our attention was not called to this feature. We did not discuss or decide the question as to whether or not the court has jurisdiction to render summary judgment on a motion under the statute in a case where the attorney sets up in his answer, duly verified, facts which, if true, would constitute a complete defense to the cause of action set up in the motion. In other words, the question we now have under consideraiton was not raised by the parties in that case. The attorney in that case, as before stated, did not question the jurisdiction of the court to render judgment on the motion and answer, but only challenged the jurisdiction of the court to suspend him from the practice of law without proceeding according to the requirements of the statute in such cases which entitled him to a trial by a jury on the issue as to disbarment.

Now, in *Wernimont v. State ex rel. Little Rock Bar Association, supra,* it is held that an attorney is entitled to a trial by jury on the issue of disbarment where the court, in rendering the summary judgment under the statute, orders disbarment proceedings to be instituted against him. The statute authorizing summary judgments on motion of the client against his attorney also prescribes that when the court shall render summary judgment against the attorney for the amount of money received by him that the attorney shall be further dealt with as the court may deem just, etc. And in *Nichols v. Little, supra,* it was held that an attorney was not entitled to demand a jury upon the hearing of a motion for a summary judgment.

It follows as a necessary corollary to these holdings that the court has no jurisdiction to render a summary judgment on motion against an attorney in any case where the attorney in his duly verified response to the

notice and motion, sets up issues of fact which are only proper for a jury to determine and which, if found to be true, would constitute a meritorious and perfect defense to the cause of action alleged in the motion.

Attorneys are not entitled to demand a trial by jury upon the hearing of motions for summary judgments for the reason that the court has no jurisdiction to entertain such motions in causes where the attorney, in his verified response, raises controverted issues of fact on the merits of such motion.

In *Windsor* v. *Brown,* 15 R. I. 182, the court said: "When an officer of the court withholds funds unconscionably, or to an amount clearly above any legal claim, the court, not undertaking to settle the exact sum that may be due but to enforce good faith and fair dealing, will require its officer to pay so much as is beyond dispute."

And in *Peirce* v. *Palmer,* 31 R. I. 432, 444, after quoting the above, the court says: "In no case does it appear that the court has exercised this jurisdiction except as to matters about which there was no reasonable dispute. * * * If it is beyond reasonable question that there has been misconduct on the part of the attorney in retaining the money the court will promptly make an order for its payment. But, alike in all cases, for the client to be given this extraordinary relief it must be clear that there has been an injustice done to him. In all cases the client has relief in the ordinary tribunals for the determination of legal controversies, and when his right to have a summary order can be reasonably questioned he must be referred to these ordinary remedies, whatever be the nature of the controversy."

In 23 Cyc. p. 769, it is said: "But such a judgment can not be given where the pleadings of defendant set up a substantial and issuable defense." See also 6 Corp. Juris, Sec. 264, p. 711.

Although there is some difference of opinion among the authorities, we hold to the view above expressed, that the court has no jurisdiction to render summary judgment on motion where the verified answer of the

attorney sets up issuable facts which, if true, would constitute a good defense to the motion. The answer herein stated facts, which if true, were sufficient to constitute a defense to the motion for a summary judgment. In all such cases the court should deny the motion and treat the proceeding as an ordinary action at law and transfer the same to the proper docket and allow it to take its regular course as such proceeding.

(4) It follows that the error complained of appeared on the face of the record proper and therefore no motion for a new trial was necessary.

For the error indicated the judgment is reversed and the cause is remanded for further proceedings according to law and not inconsistent with this opinion.

McCULLOCH, C. J., (dissenting). The effect of the majority opinion in this case is to hold that in a summary proceeding against an attorney instituted by his client to require payment of money received in his professional capacity, if the attorney files a response setting up an issue of fact as a defense, the jurisdiction of the court to proceed further is defeated. In other words, that an attorney charged with wrongfully withholding money of his client, however reprehensible his conduct may be, can defeat the summary proceeding provided by statute merely by interposing a denial. I do not believe that the opinion is supported by a single authority, either among the text writers or in the decisions of other courts. This view of the statute completely nullifies the remedy which the law-makers have undertaken to give, for it is easy enough for an attorney who is so recreant to his trust as to fail or refuse to pay over money collected, to interpose a specious defense for the purpose of defeating the summary statutory remedy. The New York Court of Appeals, speaking on this subject in the case of *Bowling Green Savings Bank* v. *Todd*, 52 N. Y. 489, said: "The law is not guilty of the absurdity of holding that, after a client has spent years in

collecting through his attorney a lawful demand, he shall be put to spending as many more to collect it from his attorney, and, if that attorney should not pay, then try the same track again.''

There is a chapter in the digest of our statute devoted to the subject of summary judgments, and it is provided therein that judgments and final orders may be obtained on motion in certain instances, including clients for the recovery against their attorneys, and the procedure in such cases is fully outlined in the statute. Kirby's Digest, Chapter XCIV. Instead of the rule stated in the majority opinion being correct, the authorities are all just to the contrary, as stated by Mr. Thornton in his treatise on Attorneys at Law (Vol. 1, p. 612), where the rule is stated as follows:

''In no case should the attorney be summarily compelled to pay over money to his client if it appears that the latter is not, *ex aequo et bono,* entitled to it. But the mere assertion of a counter-claim is not such a dispute as will, of itself, oust the jurisdiction, because the court has the power to adjust any set-off which the attorney may have on account of fees or other charges due to him in connection with the proceeding in which he received the money in question, or as the result of any services for which he has a lien on money of his client coming into his hands. The good faith of the attorney in making such counter-claim is immaterial.''

On page 619 of the same volume the author said: ''The fact that the proceeding is a summary one does not deprive the attorney of any defense which he might have asserted in an action at law, or in a suit in equity, instituted for the same end. Thus he may set up that the money retained by him was honestly due as compensation for his services, * * * or that he has a valid set-off there against.'' See also *Union Bldg. & Sav. Assn.* v. *Soderquist,* 115 Ia. 695; *Mundy* v. *Schantz,* 52 N. J. Eq. 744; *In Re Knapp,* 85 N. Y. 285.

The subject is thoroughly discussed in a recent opinion of the Appellate Division of the Supreme Court,

which was afterwards affirmed by the. Court of Appeals. *Papa* v. *Rini,* 171 N. Y. App. Div. 796, 219 N. Y. 575.

The Supreme Court of Minnesota in a recent case of this kind said: "An attorney is an officer of the court. The court has jurisdiction of him. When he collects money, belonging to his client, to whom he is under a constant obligation of the highest fidelity, he may not keep it, and from the vantage ground of a defendant in possession compel his client to pursue the slower process of the law by ordinary suit. If the attorney has a lien, it may be summarily adjusted. If there is a contract as to fees, the court will construe it. If the attorney has a claim for fees, their amount may be determined." *Landro* v. *Great Northern Railway Co.,* 122 Minn. 87, 141 N. W. 1103.

I think this court has made a great mistake from the standpoint of both reason and policy in placing such a construction on a statute which was intended to have a wholesome effect, but which is, I think, completely emasculated by this decision. The statute was construed in an early decision of this court in the case of *Levy* v. *Lawson,* 5 Ark. 212, which was a summary proceeding against a sheriff by a plaintiff in execution for failure of the sheriff to pay over money collected by that officer, and this court held that the summary remedy under the statute was available, notwithstanding the return of the sheriff showed that he had accounted for all the money received from the proceeds of the sale. This court held that the plaintiff in execution might maintain an action for the false return, but that the defaulting officer could not shield himself behind a false return, and thus defeat the summary remedy provided by statute. It seems to me that that decision is wholly at war with the construction the court now places upon the scope and effect of this statutory remedy.

Moreover we are precluded from considering the merits of the case because there was no motion for new trial filed and overruled. A new trial is required as a prerequisite to an appeal where there has been an issue of

fact tried by the court or jury. Kirby's Digest, sec. 6215. The fact that the issue was tried in a summary proceeding does not exclude the necessity for a motion for new trial giving the trial court an opportunity to correct its own error before there can be a review in this court. But this court now holds, as I understand, that where the attorney files an answer, the jurisdiction of the court is defeated and that makes the error appear upon the face of the record so as to bring it up for review even without a motion for new trial.

I dissent from the conclusion reached by the majority.