CARROLL COUNTY v. POYNOR.

Opinion delivered March 8, 1920.

1. APPEAL AND ERROR—WHAT ERRORS REVIEWABLE.—Though there was no motion for new trial, the Supreme Court can review for errors manifest from the face of the judgment where it contains a recital of the facts on which it is based.

2. COUNTIES—COUNTY PURPOSES.—Local registrars of vital statistics appointed under Acts 1913, page 352, are State officers, and their services can not be regarded as a "county purpose" within art. 7, § 28, of the Constitution.

3. COUNTIES—SERVICES OF LOCAL REGISTRARS—LIABILITY.—Acts 1913, page 352, creating the board of health and bureau of vital statistics and providing for payment of local registrars by the counties, being unconstitutional as to the latter provision, the fact that the levying court made an appropriation for the payment of a registrar will not bind the county nor entitle the registrar to have his claim allowed by the county court.

4. COUNTIES—SERVICES OF LOCAL REGISTRARS.—Acts 1917, page 799, providing for payment by various counties of services of local registrars, is not retroactive, and furnishes no basis for allowance of claims for services rendered by such registrars before the passage of that act.

Appeal from Carroll Circuit Court, Eastern District; W. A. Dickson, Judge; reversed.

STATEMENT OF FACTS.

Appellee, as local registrar of District No. 69, in Carroll County, Arkansas, filed in the county court on April 7, 1919, his claim against Carroll County for $40.50 for services rendered in regard to registering the births

and deaths for said district during the year 1916. The claim was disallowed by the county court, and appellee appealed to the circuit court, where the claim was allowed and ordered paid.

The judgment of the circuit court recites that Dr. I. M. Poynor was duly appointed and acted as registrar of the Bureau of Vital Statistics for Prairie Township in Carroll County, during the year 1916; that he performed the services as such registrar, and that his fees therefor amounted to $40.50 for services during the year 1916; that the levying court in October, 1918, appropriated $150 for the expense of the local registrars and $175 for the expense of the local registrars for the year 1916; and that that sum was collected and was in the county treasury for that purpose.

The circuit court was of the opinion that, while the county was not originally liable for said claim, it is now liable because the levying court had made an appropriation therefor and the collector has collected the taxes so levied.

Judgment was rendered in accordance with the finding of the court, and Carroll County has duly prosecuted an appeal to this court.

*F. O. Butt,* for appellant.

The question is one of law solely, and the court erred in allowing the claim. The error appears on the face of the record and no motion for a new trial was necessary. 100 Ark. 515. The fact that a levying court levied a tax for a specific tax, and such tax was collected, does not render the county liable if the claims are *per se* illegal and not a proper charge against the county. The Legislature had no power to validate an appropriation by a levying court for other than county purposes. 125 Ark. 350; 114 *Id.* 278. The powers of the levying court are fixed by Constitution 1874, art. 7, § 30, and no act outside the functions prescribed have any vitality. The county court acted legally in disallowing the

claim, and the judgment of the circuit court was erroneous.

*Johnson & Simpson,* for appellee.

The error here does not appear on the face of the record, and no motion for new trial was made. Appellant can not raise the question here for the first time. The circuit court found that the levying court made a specific levy and appropriation to pay the claims of registrars for the year 1916. The matter was submitted to the court sitting as a jury and the judgment is conclusive. 46 Ark. 17; 93 *Id.* 382; 13 *Id.* 344.

HART, J. (after stating the facts). It is sought to uphold the judgment on the ground that no motion for a new trial has been filed. The Supreme Court can review for errors manifest from the face of the judgment where the judgment contains a recital of the facts upon which it is based. *Baucum* v. *Waters,* 125 Ark. 305, and *Davies & Davies* v. *Patterson,* 132 Ark. 484. The facts upon which the judgment of the circuit court is based are recited in the judgment, and we can, therefore, review for errors apparent from the face of the record.

Doctor Poynor was appointed registrar pursuant to an act creating the State Board of Health and Bureau of Vital Statistics. See Acts of 1913, page 352. The services performed by him were pursuant to the provisions of that act during the year 1916. That act came up for construction in the case of *Fort Smith Dist. of Sebastian County* v. *Eberle,* 125 Ark. 350. The court held that the local registrar was a State officer, and that his services could not be regarded a county purpose within the meaning of the Constitution, and that the act was invalid so far as it authorized the payment for the services of the local registrar out of the county treasury. That decision is conclusive of the case at bar. If the levying court, by subsequently making an appropriation therefor, and the collector by collecting the taxes for general county purposes pursuant to the appropriation could bind the county to make the payment for services which this

court has held the county was not liable for, the practical effect would be to oust the county court of the original jurisdiction which is granted it by the Constitution. By virtue of our Constitution and laws, the county court is invested with the exclusive original jurisdiction to audit, settle and direct the payment of all demands against the county. Constitution of 1874, art. 7, § 28, and *Chicot County* v. *Kruse*, 47 Ark. 80.

As we have just seen, the claim of Doctor Poynor was not a debt against the county because at the time the services were performed he was a State officer, and the county was not liable for the payment of his services as a State officer. To hold otherwise would be to divest the county court of the jurisdiction granted it under art. 7, § 28, which provides that the county courts shall have ''exclusive original jurisdiction in all matters relating to county taxes, * * * disbursements of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties.'' As we have seen the claim of appellee is not a debt against Carroll County, and, under the provision of the Constitution just referred to, the county court would not be authorized to audit and allow a claim which was not authorized under the law.

It is true the Legislature of 1917 amended the general act above referred to so as to provide for the payment by the respective counties for the services of the local registrars. See Acts of 1917, Vol. 1, p. 799. That act, however, does not purport to be retroactive in its operation, and therefore has no application whatever to the present case.

It follows that the circuit court erred in holding that the county was liable for the services performed by Doctor Poynor as local registrar during the year 1916, and for that error the judgment must be reversed and the cause will be remanded for further proceedings according to law and not inconsistent with this opinion.