BURGESS *v.* JOHNSON COUNTY.

Opinion delivered April 9, 1923.

1. COUNTIES—LIABILITY FOR FEES OF LOCAL REGISTRARS.—Under act 149 of Acts 1917, providing that local registrars shall annually certify. the number of births and deaths properly registered, with the amount due him at the rate specified in the act, and that "said amount shall be allowed as other claims against the county" *held* that the act intended to make the services rendered by local registrars a county purpose, and to make the county liable therefor.

2. COUNTIES—ALLOWANCE OF CLAIM—NECESSITY OF APPROPRIATION.—Under Crawford & Moses' Dig., § 2279, it is the duty of the county court to "audit, settle and direct the payment of all demands against the county," and of the clerk to issue a warrant on such allowance, whether there is an appropriation to pay such demand or not.

Appeal from Johnson Circuit Court; *A. B. Priddy,* Judge; reversed.

*Coleman, Robinson & House,* for appellant.

The claim of the registrar in Johnson County for compensation for births and deaths registered during 1921 was in accordance with law, and the court erred in

not allowing it. Claim is valid, under act 149, Acts of 1917, amending act of Feb. 25, 1913. 125 Ark. 350, and 219 S. W. (Ark.) 9 were decided before law amended. Under the law as amended there can be no doubt about the liability of the county. 44 Ark. 560; 58 Ark. 113; 55 Ark. 419; 60 Ark. 508; 57 Ark. 487. The fact that no appropriation was made is no defense to allowance of claim as a proper charge against the county. 22 Ark. 595; 26 Ark. 461; 30 Ark. 578; 72 Ark. 27; 98 Ark. 299. Warrant should have been issued in payment. 28 Ark. 359.

No brief for appellee.

WOOD, J. Dr. M. E. Burgess, a regular licensed physician of Johnson County, was appointed local registrar in accordance with the provisions of act 149 of the Acts of 1917. During the year 1921 Dr. Burgess, in accordance with the act, reported seventy-four births and twelve deaths, at 25 cts. each, making a total of $21.50. The State Registrar of Vital Statistics certified the report to the county treasurer, in accordance with the act. Dr. Burgess presented his claim to the county court, which disallowed the same. Thereupon he appealed to the circuit court, and that court also refused to allow the claim, and he appeals to this court.

In October, 1916, this court, in *Fort Smith District of Sebastian County* v. *Eberle,* 125 Ark. 350, held that local registrars appointed under act 96 of the Acts of 1913, creating the State Board of Health and Bureau of Vital Statistics, were State rather than county officers, since, under that act, they were appointed by the State Registrar without the consent or approval of county authority, and that their services could not be properly regarded a county purpose within the meaning of the constitutional provision giving county courts exclusive jurisdiction in all matters relating to the disbursement of money for county purposes, etc. The Legislature of 1917 passed act 149 amending sections 9 and 10 of act 96 of the Acts of 1913, so that the law now provides that

the "State Registrar, with the assistance of the county judge in each county, shall appoint a local registrar in each registration district," and the amounts payable to the registrars under the act are payable annually by the treasurer of the county in which the registration district is located. It is further provided that each "local registrar, with the counter-signature of the State Registrar, shall annually certify to the county and probate clerk of his respective county the number of births and deaths properly registered, with the amount due him at the rate herein, and said amount shall be allowed as other claims against the county."

The amendment to act 96 of the Acts of 1913 by act 149 of the Acts of 1917, in the particulars noted, was doubtless for the purpose of making local registrars, appointed in the manner indicated, officers or employees of the county, rather than State officers, so as to make counties liable for their compensation rather than the State, and to bring such registrars, and their services rendered, within the jurisdiction of the county court, and thereby to remove the objections that were held by this court to render the act of 1913 unconstitutional. In the case of *Carroll County* v. *Poynor,* 142 Ark. 546, the claim of Dr. Poynor, a local registrar, arose under act 96 of the Acts of 1913, before the same was amended by act 149 of the Acts of 1917, *supra.* This court handed down its opinion March 8, 1920, in which, following the decision in *Fort Smith District* v. *Eberle, supra,* we said: "As we have seen, the claim of appellee is not a debt against Carroll County, and, under the provision of the Constitution just referred to, the county court would not be authorized to audit and allow a claim which was not authorized under the law. It is true the Legislature of 1917 amended the general act above referred to so as to provide for the payment by the respective counties for the services of the local registrars. See Acts of 1917, vol. 1, p. 799. That act, however, does not purport to be re-

troactive in its operation, and therefore has no application whatever to the present case."

· The claim now under consideration arose after act 149 of the Acts of 1917 was enacted, and we hold that the claim of the appellee under act 96 of the Acts of 1913, *supra,* as amended by act 149 of the Acts of 1917, *supra,* is a valid claim against the county. It is clear that the Legislature of 1917 intended to make the services rendered by local registrars, as therein indicated, a county purpose, and to make the county liable therefor. The service, under the amendment of 1917, is performed by an employee of the county, rather than the State. The appellant performed services for the county, and the county court is expressly required to allow such claims "as other claims against the county."

In *Logan County* v. *Trimm,* 57 Ark. 487, we said: "Three things. must be found to concur before the county court is authorized to allow a claim against a county in favor of an officer for fees: 1st. There must be specific statutory authority to the officer to make a charge for the services rendered. 2nd. He must be required by the statute, or by the rules of practice or order of the court, to perform the service. 3rd. The statute must indicate expressly or by fair intendment the intention to permit the fee allowed by the statute for the service to be charged against the county." The claim of the appellant meets these requirements. The trial court gave, as reasons for its judgment in refusing to allow the claim, the following: "Because said claim is not a charge against the general revenues of the county * * *. There was no appropriation made by the quorum court out of which to pay said claim." These reasons are unsound. Under the law it is the duty of the county court to "audit, settle and direct the payment of all demands against the county." Sec. 2279, C. & M. Digest. The appellant had the same right to have his claim against the county allowed and a county warrant issued thereon, as other creditors to have their just and legal

claims allowed and warrants issued for such claims. See *Worthen* v. *Roots,* 34 Ark. 356; *St. Louis Nat. Bank* v. *Marion County,* 72 Ark. 27.

The judgment of the circuit court is therefore re-versed, and the cause will be remanded, with directions to enter a judgment directing the county court to allow the appellant's claim.