SHACKLEFORD *v.* FORD.

## Opinion delivered January 10, 1927.

1. ATTORNEY AND CLIENT—SUMMARY JUDGMENT AGAINST ATTORNEY.
   —A summary judgment will not be entered for money collected
   by an attorney, under Crawford & Moses' Dig., §§ 609, 6250, where
   there is a real issue of fact or a substantial defense to the pro-
   ceeding.

2. ATTORNEY AND CLIENT—PROCEEDING FOR SUMMARY JUDGMENT.—In
   a summary proceeding under Crawford & Moses' Dig., §§ 609,
   6250, to recover money which an attorney collected and failed to
   pay over, where defendant's answer alleged facts constituting a
   good defense and the evidence was conflicting, the issue was
   properly submitted by consent to the judge sitting as a jury.

3. APPEAL AND ERROR—CONCLUSIVENESS OF FINDING.—A finding of
   facts by the trial judge is not subject to review where there is
   substantial evidence to support it.

Appeal from Pulaski Circuit Court, Second Division;
*Richard M. Mann*, Judge; affirmed.

### STATEMENT BY THE COURT.

This is a statutory proceeding by F. P. Ford against
John D. Shackleford to recover a summary judgment in
the sum of $1,362.52, which Shackleford collected for him
as attorney and failed to pay over to him on demand.

Shackleford filed an answer, in which he admitted col-
lecting the amount of money sued for, for the plaintiff,
Ford, but claimed he was entitled to a greater fee than
that tendered by Ford. The defendant also set up that
the plaintiff was indebted to him in the aggregate sum of
$872.50 for services as an attorney in other matters. The
amount due on each item and the kind and character of
services performed as such attorney are specifically set
forth in the answer. The answer also admits that the
defendant has a balance in his hands of $357.50 which is
due the plaintiff, and offers to pay that amount to him.
The answer was duly verified by the defendant,
Shackleford.

On the trial of the case the plaintiff moved that the
proceedings be treated as raising an issue of facts in an
adversary proceeding and that the case do not proceed

further as a summary proceeding for judgment under the statute. The motion was sustained by the court, and the defendant saved his exceptions to the ruling of the court.

The court held that the case should proceed as an adversary one, and that it would be necessary to waive a jury if the parties wished to submit the case to it for a decision on the issues of fact. The defendant duly excepted to the ruling of the court in this respect. Thereupon both parties waived a jury, and agreed to submit the matters of fact and the issues to the court sitting as a jury.

F. P. Ford was a witness for himself. According to his testimony, John D. Shackleford, as his attorney, collected for him the sum of $1,229.92 on the 14th day of March, 1923. Under their agreement, Shackleford was to receive $100 as his attorney fee. Shackleford refused to pay Ford, and this proceeding was commenced on March 23, 1925. Ford denied that he owed Shackleford any other sum for attorney's fees or on any other account whatever. He categorically denied owing Shackleford the various amounts set up and claimed by him in his answer. Other evidence was adduced by the plaintiff to corroborate his own testimony.

The defendant, Shackleford, was also a witness for himself. According to his testimony, the plaintiff agreed to pay him a fee of twenty-five per cent. for collecting the sum sued for in this action. The plaintiff also owed him the sum set out in his answer for legal services in other matters. Shackleford testified to the character of services performed by him. Other evidence was adduced by the defendant tending to corroborate his own testimony to the effect that the fees charged by him were reasonable.

The circuit court, sitting as a jury, found that the defendant was indebted to the plaintiff in the sum of $731.14. Judgment was rendered accordingly, and, to reverse that judgment, the defendant has duly prosecuted an appeal to this court.

*G. W. Hendricks,* for appellant.

*E. L. Westbrooke, Jr.,* and *E. L. Westbrooke,* for appellee.

HART, J., (after stating the facts). This action was commenced as a summary proceeding under the statute to recover money which the defendant, as an attorney, had collected for the plaintiff and failed to pay the same over on demand. See Crawford & Moses' Digest, §§ 609 and 6250.

The defendant filed an answer, alleging facts which, if proved, constituted a good defense to the action, and his answer was duly verified to show that it was a *bona fide* one.

A motion for a summary judgment under the statute should not be allowed where there appears a real issue of fact between the parties or a substantial defense to the proceeding. In other words, if it is made to appear to the court that the matters of defense set up in the answer are genuine and that a substantial issue of facts is thereby created, the parties are entitled to trial in the regular way in which suits between adversary parties are tried and decided, and a summary judgment is improper. *Davies & Davies v. Patterson,* 132 Ark. 484.

In that case the court said that the proceedings against an attorney under the above statutes are not in the nature of a common-law action or an ordinary civil suit under our Code of Procedure, but are special statutory proceedings, and must be specifically followed. In that case the answer stated facts which, if true, were sufficient to constitute a defense to the motion for a summary judgment. After stating these facts, the court said that in all such cases the trial court should deny the motion and treat the proceeding as an ordinary action at law, and allow it to take its regular course as such an action.

This is precisely what was done by the circuit court in the case at bar. The facts were submitted to the circuit court sitting as a jury. The evidence was in direct and irreconcilable conflict.

Under our settled rules of practice, the finding of facts made by the circuit court upon the trial of a case is not the subject of review upon appeal where there is any evidence of a substantial character to support it. The court was the trier of the facts as well as the law. It had the right to accept such portion of the evidence as it believed to be true and to reject that part which it did not believe to be true. In this view of the matter, it cannot be said that the finding of facts made by the circuit court is without evidence to sustain it.

It follows that the judgment of the circuit court must be affirmed.