PRIEST v. MOORE.

Opinion delivered June 15, 1931.

*Steel & Edwards,* for appellant.

*Lake, Lake & Carlton,* for appellee.

MEHAFFY, J. Appellees filed their petition with the county board of education of Sevier County on the 29th day of March, 1930, praying for a consolidation of Rural Special School Districts Nos. 13 and 61 of Sevier County.

After appellees had filed their petition, and before it was disposed of, appellant filed a petition for the consolidation of school districts Nos. 7, 11, 13 and 61 of Sevier County.

While appellees' petition was filed first, the appellants were the first to give notice. The notice was given by appellants on the 14th day of April, 1930, and the appellees' notice was dated the 15th day of April.

The appellants filed before the county board of education a motion to continue, and the hearing was continued until the 14th day of June, 1930. On the 14th day of June, 1930, the petition of appellees was presented, asking for the consolidation of school districts Nos. 13 and 61, the demurrer to said petition having been filed and overruled.

The county board of education then considered the petition of appellees and found that it was for the best interest of the school children not to grant said petition, and the petition was therefore denied. Appellees filed an affidavit and bond for appeal, and an appeal to the circuit court was granted. On the same day, the county board of education considered the petition of the appellants and granted said petition. District No. 13 thereupon filed an affidavit and bond for appeal; the bond was approved and an appeal to the circuit court was granted.

An order was entered by the county board of education after considering the petition and hearing the evidence, granting said petition, dissolving districts Nos. 7, 11, 13 and 61, and changing the boundary line so as to include the territory in the four districts into one district, and formed and created one district out of the territory of the four districts, to be known as Consolidated School District No. 7 of Sevier County.

District No. 13 appealed to the circuit court. The cases were consolidated in the circuit court. A demurrer to appellees' petition was filed in the circuit court, overruled, and exceptions saved. The circuit court then entered the following judgment:

"Now, on this day, the 21st day of August, 1930, comes the respondents, John Moore et al., by their attorneys, Lake, Lake & Carlton, and move to dismiss the petitions in these proceedings for want of jurisdiction, and the court proceeded to hear and determine said motion upon the record made in these proceedings.

"And the court, after examining the petition of F. C. Priest et al., the filing marks thereon, the notices of the petitions and the affidavits, proving that said notices had been posted in the several school districts for the time prescribed by law, as well as the order of the county board of education, denying the petition of John Moore et al., and the order of said board granting the petition of F. C. Priest et al., finds that the petition of John Moore et al. prayed for the consolidation of Rural Spe-

cial School District No. 13 and Common School District No. 61 of Sevier County, and that the petition of F. C. Priest *et al.* prayed for the consolidation of the same two school districts, together with Rural Special School District No. 7 and Rural School District No. 11, all in Sevier County; and this court finds as a matter of law that the county board of education cannot at the same time consider two petitions affecting the same territory, or a part of the same territory, but must dispose of the petition first filed before accepting or considering a second petition affecting the same or a part of the same territory, and therefore that the county board of education was without jurisdiction or authority to grant the petition of F. C. Priest *et al.*, and that this cause should be dismissed.

"It is therefore considered, ordered and adjudged by the court that this cause be, and the same is hereby, dismissed for want of jurisdiction. To the judgment and order of the court in dismissing this cause, the petitioners, F. C. Priest *et al.*, except and ask that their exceptions be noted of record."

We find it unnecessary to pass on the demurrer filed by appellants to the petition of appellees.

The record shows that the board of education heard the petition of appellees first and denied same, and then heard the petition of appellants and granted same, and that both parties appealed to the circuit court, where the cases were consolidated.

Appellees contend that the case should be affirmed because there is no bill of exceptions and no motion for new trial.

We recently said: "It is next insisted that the judgment must be affirmed because there is no bill of exceptions. This was not necessary. We have copied the judgment in our statement of facts, and, by reference to it, it will be seen that it recites all the facts upon which the court based its opinion. This court has uniformly held that no bill of exceptions is necessary where the judg-

ment of the lower court reciting the facts upon which it is based shows error on its face." *Yockey* v. *St. L.-S. F. R. Co., ante* p. 601; *Hisey* v. *Sloan,* 180 Ark. 797, 22 S. W. (2d) 1007; *Burns* v. *Harrington,* 162 Ark. 162, 257 S. W. 729; *Buchanan* v. *Halpin,* 172 Ark. 822, 290 S. W. 602; *Williamson* v. *Mitchell Auto Co.,* 181 Ark. 693, 27 S. W. (2d) 96; *Davis* v. *McCandless,* 130 Ark. 538, 198 S. W. 132; *Davies & Davies* v. *Patterson,* 132 Ark. 484, 201 S. W. 504.

A motion for a new trial and bill of exceptions is necessary where the error does not appear on the face of the record, but the judgment in this case recited: "And this court finds as a matter of law, that the county board of education cannot at the same time consider petitions affecting the same territory or a part of the same territory, but must dispose of the petition first filed before accepting or considering a second petition affecting the same or a part of the same territory."

All parties residing in the district are interested and are entitled to be heard on a petition to consolidate, and, if they think that a petition to consolidate districts should not be granted, they have a right to appear and resist the petition, and they may do this by presenting another petition. It is the wishes and convenience of the majority of the persons in the territory affected that is to be considered, and there is no objection to filing more than one petition, and, if the county board of education thinks it proper to hear them together, it may do so.

We know of no reason why the inhabitants of the district might not present an additional petition for the purpose of showing that the petition under consideration should not be granted.

In the case of *Rural Special School District No. 21* v. *Common School District No. 87, ante* p. 329, after the original petition was filed, there were three others filed affecting one of the districts. The board ignored the last three petitions filed and made an order consolidating districts 21 and 87, but there was no reason why the board

of education might not hear evidence on the petitions if necessary. The law provides: ''The county board of education shall have the power to dissolve any school district now established or which may hereafter be established in its county, and attach the territory thereof in whole or in part to an adjoining district or districts, whenever a majority of the electors residing in such district shall petition the court so to do.'' Section 8869, Crawford & Moses' Digest.

There might be three such districts, A, B, and C. It might be the desire of the majority of the territory affected to annex one-half of B to A, and a petition might be filed with the board of education asking this to be done. Another petition might be filed by C asking that the other half of B be annexed to it. There would be no reason why both petitions could not be heard by the board at the same time.

Again, the county board of education considered two petitions in the case of *Franklin County Board of Education* v. *Riley, ante* p. 148.

The duty of the board of education is to hear any petition or petitions that may be presented; hear the evidence and make its findings as required by law. If more than one petition is filed affecting part of the same territory, the board of education itself may determine whether it be advisable to hear them together or hear them separately.

In the instant case, however, the petitions were not considered together. The board of education first considered the petition of appellees and denied the prayer of the petition. It then considered the petition of appellants and granted the prayer of petitioners.

The county boards of education are vested by law with a sound discretion in the determination of matters necessary to the formation or consolidation of school districts, which is subject to review only when it appears that such orders are arbitrary or unreasonable. It was therefore the duty of the circuit court to hear the petition

in order to determine whether the action of the board of education was arbitrary or unreasonable.

The judgment of the circuit court is reversed, and the cause remanded with directions to proceed with the trial according to law and not inconsistent with this opinion.