## SHATTUCK v. LYONS.

### Opinion delivered April 25, 1896.

APPEAL—NO BILL OF EXCEPTIONS is necessary where the decree of the lower court, reciting the facts, shows error on its face.

HOMESTEAD—DEFECTIVE CONVEYANCE—CURATIVE STATUTE.—A mortgage of a homestead which was invalid under the act of March 18, 1887, because it was not executed and acknowledged by the wife in accordance with its provisions, but which would have been valid prior to such act, was rendered valid by the curative act of 1893.

Appeal from Franklin Circuit Court in Chancery, Ozark District.

JEPHTHA H. EVANS, Judge.

*J. M. Rose,* for appellant.

1. No bill of exceptions was necessary. The error appears upon the face of the record. 34 Ark. 686; 47 *id.* 230; 46 *id.* 21; 32 *id.* 159, 163; 26 *id.* 536; 26 *id.* 662; 27 *id.* 464; 43 *id.* 403.

2. There was no usury. The charges were legitimate. 57 Ark. 347; 51 *id.* 549.

3. The evidence shows that the company had an agent and was doing business in Louisiana. It was a Louisiana contract. 54 Ark. 566.

4. Even if there were defects in the execution and acknowledgments of the mortgage, they were cured by the act of 1893, no third parties being interested. 57 Ark. 242; 30 S. W. 39; 58 Ark. 117.

BUNN, C. J. This is a bill to foreclose a mortgage on certain real estate, given by appellees to appellant, as trustees for the benefit of the British & American Mortgage & Loan Company, Limited. The answer of defendants alleged that the beneficiary, a foreign corporation, had failed to comply with the constitution and laws of

this state, by never having had a known place of business therein, or any agent upon whom process might be served; that the debt secured by said mortgage is in fact usurious, and therefore void; that the land conveyed therein was the homestead of said Charles H. Lyons, owned by him, and occupied by him and his wife as such, when said mortgage was attempted to be executed, and that the same was not executed and acknowledged by the said Sarah F. Lyons, as the law requires, and that this defect renders the same null and void; that, notwithstanding it is in fact null and void, yet it is a cloud upon defendant's title,—and the prayer is that this be taken as an answer and cross bill, and that said cloud upon title be removed. Decree for defendants, and plaintiff appealed.

The mortgage and notes were exhibited with the complaint, and depositions of all witnesses, except J. B. Moore and John Nickols, seem to be regularly filed and made part of the record; but the evidence of said Moore and Nickols, adduced on the part of the defendants, does not appear to have been brought on the record by bill of exceptions, or any order of court directing the same to be taken down in open court, filed and treated as depositions, or in any manner made a part of the record.

Subsequent to the docketing of the cause, and the filing of the abstract and briefs by appellant, appellee moved this court to strike from the record all that part of the transcript included in pages 22 to 53, inclusive, purporting to be a statement of the evidence in the cause, on the ground that the same is not included in any bill of exceptions, or otherwise authenticated as part of the record. This motion and the cause are heard together.

The decree of the court below is as follows, to-wit: "Whereupon this cause is submitted to the court upon the pleadings, proofs, and exhibits, and the court, having

the same under consideration, and being well and sufficiently advised in the premises, doth find that, on the 19th day of December, 1888, the defendants, Chas. H. Lyons and Sarah F. Lyons, his wife, executed and delivered to the plaintiff, Albert R. Shattuck, as trustee, for the British & American Mortgage & Loan Company, Limited, the notes and mortgage mentioned in the complaint, said mortgage being now of record at pages 404 to 409 of Deed Book 2 in the recorder's office at Ozark in Franklin county, and which conveys or attempts to convey the southwest quarter of the northwest quarter, and the northeast quarter of the northwest quarter, and the southeast quarter of the northwest quarter of section 34, in township 10 north, of range 28 west in the Ozark district of Franklin county, Arkansas; that, at the date of the execution or attempted execution of said mortgage, said defendant, Charles H. Lyons, was a resident of the state of Arkansas, and the head of a family; that he and his said wife, Sarah F. Lyons, were then occupying said lands as the homestead of the said Charles H. Lyons; that he was then the owner thereof; that said land did not exceed in area 160 acres, nor $2,500 in value; that said mortgage was not executed and acknowledged by said Sarah F. Lyons, as required by law in cases of alienation of the homestead; and that said conveyance is of no validity, but void, and constitutes a cloud upon defendants' title, the defendants being still in possession of the land. It is therefore considered, adjudged, and decreed that the mortgage aforesaid to plaintiff, Albert R. Shattuck and British & American Mortgage Company, be, and the same is, declared invalid, void, and of no effect, and that the same be, and is hereby, cancelled and removed as a cloud from the title of defendants, and that their title be quieted, and that they have and recover of and from said plaintiff all their costs herein expended, for which they may have execution as at law."

It thus appears that, in its findings and decree, the court below ignored all the issues made by the complaint and answer, except that relating to the conveyance of the homestead; and since, to raise each and all of the issues, the answer set up affirmative matter necessary to be proved to overcome the *prima facie* case made by the complaint and exhibits thereto, the presumption is that its findings and decree as to the other issues were for the plaintiff, and the only issue left for our consideration in the one disposed of by the court below,—the conveyance of the homestead. Upon this issue the findings and decree of the court are based solely upon the complaint and exhibits thereto and the answer of the defendants; the facts, in effect, being uncontroverted. In other words, the issue was determined upon the record, and the question for us to determine is whether or not there be error in the rulings of the court below, upon its own finding of facts; no bill of exceptions or motion for new trial being necessary. *Union County* v. *Smith*, 34 Ark. 684; *Williams* v. *State*, 47 *ib*. 230; *Smith* v. *Hollis*, 46 *ib*. 21; *Badgett* v. *Jordan*, 32 *ib*. 159; *Ward* v. *Carlton*, 26 *ib*. 662; *Worthington* v. *Welch*, 27 *ib*. 464; *Douglass* v. *Flynn*, 43 *ib*. 403,—all cited by appellant's counsel.

It appears, from an inspection of the mortgage, that it was executed and delivered after the passage of the act entitled "An act to render more effectual the constitutional exemption of homesteads," approved March 18, 1887, by which the conveyance of the husband's homestead was declared to be invalid unless the wife joined in the execution of the same. But it appears also that this mortgage was executed and delivered before the passage of the curative act of 1893, which declared, in effect, that all defective conveyances and acknowledgments of conveyances of homesteads made since the passage of the act of 1887, where the same

When bill of exceptions is unnecessary.

When defective conveyance of homestead cured.

would be good to convey the homestead before the act of 1887, should be as valid as if said act of 1887 had never been passed. The mortgage involved in this case was executed by the husband, his wife joining in the conveyance clause, also in the clause relinquishing dower, and acknowledging that she had relinquished her dower, the certificate being in due form; and this would have been a good conveyance of the husband's homestead prior to the act of 1887. It follows that the court below erred in declaring the mortgage null and void.

The decree is therefore reversed, and the cause is remanded, with directions to enter a decree of foreclosure.