## HUDSON *v.* NEWTON.

### Opinion delivered May 27, 1907.

1. GUARDIAN AND WARD—INVADING PRINCIPAL OF ESTATE.—Under Kirby's Digest, § 3792, providing that, without the direction of the probate court, "the guardian shall not be allowed in any case for the maintenance and education of the ward more than the clear income of the estate," a guardian has no authority to invade the principal of his ward's estate without an order of the probate court first obtained. (Page 226.)

2. APPEAL—INCONSISTENT POSITIONS.—Where appellant, sued on an account, took the position in the trial court that he was willing to let judgment go against him if the account was correct, and judgment was entered against him accordingly, he can not object on appeal that he was not liable for the account by reason of his nonage. (Page 226.)

Appeal from Union Circuit Court; *Charles W. Smith*, Judge; affirmed.

#### STATEMENT BY THE COURT.

The appellee, as guardian of her minor son, Raymond Hudson, presented to the probate court of Union County her first and final settlement with her ward's estate as follows: She charges herself:

By ¼ as shown by last settlement of estate......$916.58
By cash .................................. 25.00
     She asks the following credits:
To ¼ notes and accounts as shown by loss
    settlement of estate uncollectible.........$216.58
To store account see ledger page 163.......... 47.63
"   "   "   "   "   " 358.......... 43.93
"   "   "   "   "   " 516.......... 268.74

| | | |
|---|---|---|
| " | board 1899 12 months ................. | 48.00 |
| " | board 1900 12 " ................. | 60.00 |
| " | board 1901 12 " ............... | 60.00 |
| " | board 1902 12 " ............... | 60.00 |
| " | board 1903 2 " ............... | 10.00 |
| " | cash expense New Orleans............. | 30.00 |
| " | music lessons ...................... | 10.00 |
| " | guitar ..................:........... | 12.00 |
| " | cash mail hack ...................... | 5.00 |
| " | cash pair pants ...................... | 4.25 |

### RECAPITULATION.

By full amount of debits.............$941.50
To full amount of credits ............. 876.16

Balance due ......................$ 65.42

The settlement was postponed, notice given as required by law, and an attorney appointed to represent the minor. The cause came on to be heard, and the record recites: "The court, being fully advised in the premises, finds that the items and things included in each of said accounts are necessaries furnished by said guardian to said ward, and are correct charges, and that the account is correct, and should be approved by the court." The court adjudged an attorney's fee and costs also to be paid out of the estate, and ordered the guardian and her bondsmen discharged upon the payment of the sum found due upon the settlement, as thus approved, into the registry of the court. The appellant, Raymond Hudson, appealed to the circuit court.

Appellee filed what she designates as a petition in which she sets up, among other things, that she used her own funds during the administration of her first husband's estate to educate and support their children, among them appellant; that she had since become his guardian. She sets out her account with his estate as above, alleges that she once had receipts for the sums expended which had been destroyed, but that her books showed most of the items charged in her account; that same was correct. She prayed that evidence be taken, and that her account and settlement be approved and confirmed. Appellant introduced in evidence the account of the appellee *supra.* He also introduced the record of

the chancery court of Union County, showing that on September 29, 1904, his disabilities of nonage were removed, he being at that time 19 years of age. The evidence showed that the settlement of the guardian with her ward was approved July 20, 1904.

On behalf of appellee it was shown that vouchers held by her for sums expended for appellant and other children were destroyed on one occasion while appellee was away from home; that appellant was present when this was done. He however testified that he thought vacant leaves of the book were being torn out and destroyed. He did not report the matter to any one. Appellee testified that, during the time she was the administratrix of her first husband's estate, she fed and clothed appellant, "furnished him everything, every luxury and pleasure and all the schooling he would take." She paid for all the necessaries for which she has charged his estate with her money, and besides furnished him other necessaries for which she has not charged, also used her own money for his pleasure for which no charge was made. She showed that appellant did nothing to repay her for the necessaries furnished. Appellant himself testified that during the years he was with his mother when he needed anything like clothing he ordered it "tailor made". He testified that he supposed the estate paid for it, and if not he wanted the estate to pay it. Appellee testified that since appellant's manumission by the chancery court he had expressed himself as satisfied with the settlement; had said that it was "all right". There was proof tending to show that appellant after his disabilities were removed had said that the settlement of his mother with the probate court was all right; that he should pay the account, and would. The testimony of appellant himself tended to show that, if the account of his mother for the necessaries was correct, he was willing to pay it, and was willing for the court to determine whether or not the account was correct. The testimony of appellee was that the amounts charged were correct. She could not make an itemized statement because the books containing items were destroyed. Her account shows the aggregate amounts from pages of the ledger.

The court, after hearing the evidence, found that the settlement made with the probate court should be approved, and accordingly entered judgment approving and confirming the settle-

ment, and also judgment against appellant for all costs. This appeal followed.

*R. L. Floyd,* for appellant.

*Smead & Powell,* for appellee.

WOOD, J., (after stating the facts.) First. It was not shown that the guardian derived any income from the ward's estate. The actual relation of parent and child existed between appellant and appellee during the time that appellant is charged for board and clothing. It is not contended by appellee that the amounts for which she claims credit were expended under the orders of the probate court. She does not allege or show that she first obtained an order of the probate court. Under section 3792 of Kirby's Digest, the probate court may direct the expenditure of a sum in excess of the income of the ward's estate for maintenance and education, but, without such order of the probate court first obtained, the guardian has no authority to invade the principal of the ward's estate. The question of the expenditure for maintenance and education presented by this record is ruled by the decision of this court in *Campbell* v. *Clark,* 63 Ark. 450. where the above statute is construed, and the holding is adverse to the contention of appellee here.

Second. The testimony of appellant shows that he did not object to his mother's settlement on the ground that he was not liable therefor on account of nonage at the time the necessaries were furnished him. The court was warranted in reaching the conclusion from the evidence that appellee's account was true and correct. That being the case, the testimony of appellant justified the court in rendering judgment against him as by consent. His testimony was tantamount to saying to the court, "I am willing to the judgment, provided the account is correct." The court found that the account was correct, and entered judgment accordingly against appellant. The judgment was in accord with the position taken by appellant in the circuit court, as shown by his own testimony, and he cannot be allowed to take a different position here.

Affirmed.

HILL, C. J., and BATTLE, J., dissenting.