McClain v. McFarlane.

Opinion delivered October 14, 1918.

1. ATTORNEY AND CLIENT—CONTRACT—VALIDITY.—A contract between an attorney and client with reference to a law suit which stipulated that the attorney was to have entire control of the settlement and suit, if one was brought, and that in making settlement, either before or after suit was brought, the attorney was not to act until he had submitted said offer of settlement to the client and obtained his consent, was not invalid as prohibiting the client from settling his suit without the consent of the attorney.

2. APPEAL AND ERROR—HARMLESS ERROR.—Where the undisputed evidence established that plaintiff was entitled to recover more than the jury awarded him, defendant cannot on appeal complain of error in the trial of the cause.

Appeal from Sebastian Circuit Court, Greenwood District; *Paul Little,* Judge; affirmed.

*G. C. Hardin,* for appellant.

1. The contract is void as against public policy. 66 Ark. 190; 98 *Id.* 523; 78 *Id.* 92; 38 *Id.* 149; 88 *Id.* 556.

2. The admission of the testimony of R. W. McFarlane was reversible error. 114 Ark. 542; 104 *Id.* 1. See also 103 *Id.* 356; 112 *Id.* 452; 125 *Id.* 314; 61 *Id.* 130; 63 *Id.* 174; 81 *Id.* 87; 100 *Id.* 437; 89 *Id.* 58; 180 S. W. 474.

3. The testimony of McFarlane, Ben Cravens and Holland as experts was improperly admitted. Hypothetical questions were erroneous. 130 Ark. 542; 100 *Id.* 518; 103 *Id.* 196; 114 *Id.* 542; 113 *Id.* 503.

4. Counsel's argument was improper and prejudicial. 74 Ark. 256; 114 *Id.* 542; 61 *Id.* 130; 81 *Id.* 231; 80 *Id.* 23; *Ib.* 158; 81 *Id.* 25; 87 *Id.* 461; 89 *Id.* 515; 87 *Id.* 515.

5. Plaintiff's instruction No. 2 was error; also No. 3. It was error to refuse defendant's Nos. 4, 5 and 7 and the verdict is excessive and not supported by the law or evidence. The case was tried on the wrong theory.

*R. W. McFarlane,* for appellee.

1. The contract is not void. 66 Ark. 199; 104 *Id.* 474; 114 *Id.* 542; 104 *Id.* 1; 123 *Id.* 210; 42 *Id.* 197; 47 *Id.* 301; 98 *Id.* 530; 111 *Id.* 520; 117 *Id.* 504; 120 *Id.* 390.

2. No improper testimony was admitted and counsel's remarks were not prejudicial. 74 Ark. 259; 66 *Id.* 199. The judgment should have been for $625 instead of $325.

HUMPHREYS, J. Appellee instituted suit against appellant in the Sebastian Circuit Court, Greenwood District, to recover an attorney's fee of $625, based upon a written contract between himself and appellant, binding him to endeavor to recover by settlement or suit damages growing out of an injury resulting in death to appellant's wife by 'the train of the Midland Valley Railroad Company through the negligent operation of same by its employees. The contract provided that appellee should receive for his legal services 25 per cent. of the amount recovered, if settlement was effected without suit. It was alleged that appellee performed all the duties required of him under the contract and that appellant received $2,500 in settlement for the injury and failed and refused to pay appellee's fee.

The court ruled that the contract was void as against public policy and treated the action as one to recover for services upon *quantum meruit.*

Appellant defended upon the ground that no legal service was rendered, and if rendered, did not merit such reward. The cause was submitted to a jury upon the pleadings, evidence adduced and instructions of the court. A verdict was returned in favor of appellee for $325. A judgment was rendered against appellant for the amount, from which an appeal has been prosecuted to this court.

The undisputed facts disclosed that appellant's wife was injured by a Midland Valley Railroad train in Greenwood, on the morning of January 30, 1917, from which place she was removed to a hospital in Ft. Smith where she died as a result of the injury. After death and burial, appellee was employed by appellant to recover by settlement or suit, damages for the injury. The following written contract was entered into between them:

"It is agreed by and between J. N. McClain, party of the first part, and R. W. McFarlane, party of the second part, that the party of the first part employs the party of the second part to make settlement with the Midland Valley Railroad:

"That whereas the wife of the party of the first part was injured and killed by the train of the Midland Valley Railroad under circumstances that we believe was caused by the negligence and carelessness of the employees of the Midland Valley Railroad, therefore, the party of the second part shall endeavor to make settlement for said injury, failing in that that he is to bring suit and prosecute said suit to judgment. That in making settlement either before or after suit brought the party of the second part is to not act until he has submitted said offer of settlement to the party of the first part and obtained his consent. That the party of the second part is to have entire control of the settlement and suit if one is brought. That when said settlement is made, if without suit, the amount received is to be divided between the parties hereto, 25 per cent. being paid to the party of the second part and balance to the party of the first part; if suit is brought then of the amount received 50 per cent. is to go to the party of the second part and balance to the party of the first part.

"It is further agreed that if after suit is brought the children of the party of the first part desire to employ additional counsel they shall have the right to do so to aid in the prosecution of said suit."

"J. N. McClain.
"R. W. McFarlane."

Appellee interviewed three eye-witnesses to the injury and advised appellant of his rights. Appellant entered into negotiations with the Midland Valley Railroad Company, and, as the settlement progressed, advised with appellee as to the amount he should receive in settlement. Appellant finally settled with the railroad company for $2,500.

Appellant insists (1) that the contract between himself and his attorney was contrary to public policy and therefore void; and (2) that many reversible errors, not necessary to set out under our view of the case, were committed in the conduct of appellee's cause of action under the rule of *quantum meruit*.

It is admitted by appellant that if the contract was valid, appellee had a right to recover under its terms. The fact is appellant received $2,500 in settlement of the damages. Under the terms of the contract, appellant and appellee were to divide the proceeds of the settlement, if made before the institution of a suit, in the proportion of 75 per cent. to appellant and 25 per cent. to appellee. In other words, under the undisputed facts in the case, appellee was entitled to recover $625, or one-fourth of the amount paid appellant in settlement of the damages, if the contract was not void. The invalidity of the contract is suggested and contended for under the rule laid down in *Davis* v. *Webber*, 66 Ark. 196, because the contract contains the following clause: "That the party of the second part is to have entire control of the settlement and suit, if one is brought." In construing this particular clause of the contract, it must be read in connection with the preceding clause which is as follows: "That in making settlement, either before or after suit is brought, the party of the second part is not to act, until he has submitted said offer of settlement to the party of the first part and obtained his consent." There is not necessarily any conflict between these two clauses when read together, it being apparent that the words "entire control," as used in the latter clause, were used in the sense of managing the settlement and suit and not in the sense

of preventing appellant from directing or commanding a settlement. The first clause clearly limits the power of appellee to act in making the settlement except by consent of appellant either before or after suit. In the case of *Davis* v. *Webber*, the contract prevented the client from settling his claim without the assent of the lawyer. The contract in the instant case provides exactly to the contrary. It provides that the lawyer can not act without the consent of the client. So there is a very marked difference between the contracts. The rule laid down in the case of *Davis* v. *Webber* is as follows, (quoting syllabus 2):

"A stipulation in a contract for an attorney's fee for prosecuting a suit that the client shall not settle the suit without the attorney's consent is void as against public policy; and if such stipulation is not severable from the rest of the contract, but is an inducement for entering on it, the entire contract is void."

Of course, this rule was not applicable to a contract which permitted the client to settle his suit without consent of the attorney. There must be an abridgment of the client's right to settle his claim before a contract for services between him and his attorney can be declared void as contrary to public policy. We find no abridgment in the language of the contract, and none in the subsequent conduct of the parties under the contract. Acting under the contract, appellant himself made the settlement after advising with appellee, his attorney.

Under this view of the contract, we deem it unnecessary to proceed to a discussion of the many assignments of error insisted upon by appellant in the conduct of the case under the *quantum meruit* rule. Appellee only recovered $325, which is much less than he was entitled to under the undisputed facts in the case. It follows that appellant was in no way prejudiced by error in the conduct of the suit, if committed. The appellee did not cross-appeal and, therefore, we pretermit any discussion of appellant's other assignments of error.

The judgment is affirmed.