## SIZER v. MIDLAND VALLEY RAILROAD COMPANY.

### Opinion delivered December 22, 1919.

1. APPEAL AND ERROR—REVIEW—ABSENCE OF BILL OF EXCEPTIONS.—
In the absence of a bill of exceptions, the Supreme Court can review the judgment only for errors appearing on the face of the record, in which case the pleadings are part of the record.

2. APPEAL AND ERROR—RECORD—WHAT CONSTITUTES.—The intervening petition of an attorney to enforce his lien on the proceeds of a compromise, together with a copy of the attorney's contract with the plaintiff in the action, filed as an exhibit to such petition, constitute parts of the record proper.

3. APPEAL AND ERROR—WHEN BILL OF EXCEPTIONS UNNECESSARY.—
A bill of exceptions is unnecessary where the judgment of the trial court, reciting the facts, shows error on its face.

4. ATTORNEY AND CLIENT—LIEN.—An attorney's lien on his client's cause of action can not be defeated by a voluntary payment to the client without the attorney's consent.

5. ATTORNEY AND CLIENT — STIPULATION AGAINST COMPROMISE.—
Where a contract between attorney and client stipulated that neither would settle the cause of action without the other's consent, such stipulation, though illegal, is severable from the remainder of the contract, which may be enforced.

6. ATTORNEY AND CLIENT—CONTRACT—LAW OF CONTRACT.—Where a contract of employment of an attorney to prosecute a cause of action contemplated that it should be performed in Arkansas, and suit was accordingly brought in this State, the contract is to be construed with reference to the laws of this State.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; reversed.

### STATEMENT OF FACTS.

This is a proceeding by an attorney against a railroad company to enforce his claim and lien for attorney's fees under the statute in a personal injury action.

In his petition F. P. Sizer, in effect, alleges that he is an attorney at law and entered into a written contract with H. C. Ellis to bring a suit against the Midland Valley Railroad Company for personal injuries received by said Ellis on account of the alleged negligence of the railroad company. The petition also alleges that suit was brought under the contract and that while it was pending Ellis compromised and settled the case with the claim

agent of the railroad company for the sum of $10,000 without paying the fee of said attorney. The suit was brought in the circuit court of the Fort Smith District of Sebastian County, Arkansas, and the attorney's petition was filed in that court. The contract between H. C. Ellis and F. P. Sizer was filed as an exhibit to the complaint and is as follows:

"This agreement made and entered into this the 23rd day of April, 1917, by and between H. C. Ellis of Muskogee, Oklahoma, party of the first part and F. P. Sizer, attorney and counselor at law, of Monette, Missouri, party of the second part, witnesseth:

"First party has this day employed second party as his attorney to represent him in the presentation and prosecution of a certain cause of action he has against Midland Valley Railroad Company for personal injuries sustained by him at Tulsa, Oklahoma, on the 30th day of March, 1917, caused by head-on collision extra engine No. 12 east bound and switch engine No. 60.

"Second party hereby accepts said employment and agrees to investigate said cause of action at his expense, and, if necessary, will prosecute said cause of action through all the courts, to the end that substantial remuneration be had for said injuries; and for his attorney fees and expenses second party shall have thirty-three and one-third (33 1/3) per cent. of all sums collected, either by suit or compromise, and a proportionate part of said cause of action is hereby assigned to the second party to secure same, and in case nothing is recovered then party of the second part shall have nothing for his fees or expenses.

"It is further agreed that neither party hereto will settle or adjust this cause of action without the consent of the other, and first party agrees to attend the trial of the cause and will aid in the procurement of testimony for trial of same.

"Witness the signatures of the parties hereto, in duplicate hereof, the day and year first above written.

"H. C. Ellis,
"F. P. Sizer."

The judgment of the circuit court is as follows:

"On this April 15, 1919, the petition of intervener having been duly presented, he appearing in person and by his attorney, Jo Johnson, the defendant appearing by its attorneys, O. E. Swan, T. B. Pryor and J. B. McDonough, and, the plaintiff appearing in person in open court but filing no pleadings, the court, being well and sufficiently advised, doth state in writing as required by law, file and adjudge, the conclusions of fact found separately from the conclusions of law, as follows, to-wit:

"Conclusions of fact: The material allegations of the intervener's petition are sustained by the evidence. The intervener is entitled to recover, under the evidence, on his petition, of and from the defendant, for principal and the interest thereon from May 12, 1917, to this date, the total sum of $3,718.33, besides 6 per cent. per annum interest thereon from this date until paid, with statutory lien for same on defendant's property as for personal injury.

"Conclusions of law: This provision contained in the contract of employment between plaintiff and intervener, to-wit: 'It is further agreed that neither party hereto will settle or adjust this cause of action without the consent of the other,' a full copy of said contract being attached to intervener's petition as part thereof, is against public policy and therefore makes said contract void under the law of this State as declared by our Supreme Court. For that reason, and for that reason alone, the law is concluded to be in favor of the defendant on the intervener's petition, precluding intervener from recovery, regardless of the evidence, and intervener duly excepts. This April 15, 1919.

"Paul Little, Judge.

"Therefore, for the single reason aforesaid, and for no other reason, it is considered, ordered and adjudged by the court, that said intervener, F. P. Sizer, take and have nothing under his said intervening petition, and that the defendant, Midland Valley Railroad Company, do have and recover of and from said intervener, F. P. Sizer,

all its legal costs laid out, and [plaintiff] excepted and excepts to the conclusions of law aforesaid and to this consequent judgment in favor of defendant, and prays an appeal to Supreme Court, which is granted; and to the finding of fact, defendant also saved its exceptions."

The case is here on appeal.

*Jo Johnson,* for appellant.

1. The contract in this case is not against public policy. Our statute, section 463, was passed long after the decision in *Davis* v. *Webber,* 66 Ark. 190. The clause is severable and should be eliminated and the contract allowed to stand. 175 U. S. 79; 20 Sup. Ct. Rep. 39; 26 Iowa 196-202; 91 S. W. 1046; 110 Am. St. 500; 193 Mo. 1; Kirby's Digest, § 4457; 98 Ark. 527; 136 S. W. 658. The rule in *Davis* v. *Webber* has been changed by statute. 120 Ark. 389; 128 *Id.* 471. See also 115 S. W. 1047.

2. If the clause is objectionable, it is severable and the balance of the contract stands. 115 S. W. 1047; 139 N. W. 711; 149 *Id.* 865; 144 *Id.* 760; 123 *Id.* 277; 61 So. 694; 13 Ann. Case 441; 132 Am. St. 142-153; 138 Iowa 688; 116 N. W. 813; 134 *Id.* 575; 115 S. W. 1042; 126 *Id.* 517; 152 *Id.* 487; 13 A. & E. Cases 444; 22 Cyc. 498; 208 S. W. 786.

3. If void between the original parties, the rule can not be applied by a third party. 51 Ark. 294; 102 U. S. 148-161; 6 Wis. 645; 8 Kan. 122; 59 Ark. 1; 90 *Id.* 351; 152 S. W. 490.

4. The defense that the clause is against public policy is not available to appellee and the judgment must be reversed. *Supra.*

5. The conclusions of fact found and adjudged that the material allegations of intervener's petition are sustained by the evidence, and this court should prevent the consummation of defendant's fraudulent intent to cheat the attorney out of his fee. 66 N. E. 395; 93 Am. St. Rep. 173, note and cases cited; 82 N. E. 117; 128 Ark. 478; 9 How. Pr. 460.

*Allyn Smith,* also for appellant.

1. The intervener's petition is founded on a writing as evidence of indebtedness, and a copy is filed as part of the pleadings, and the contract is part of the record in this case. 37 Ark. 542; 34 *Id.* 434; 53 *Id.* 476. Where an exhibit is the foundation of the action, it is a part of the record and controls the averments of the complaint. 53 Ark. 476; 14 S. W. 670-1.

2. The conclusions of fact and of law are also part of the record in this case. 59 Ark. 178; 65 *Id.* 14; 45 S. W. 473, col. 1.

3. The *lex loci contractus* governs as to the law of the contract, Oklahoma, but the place of performance, Arkansas, and its laws should govern as to performance, *lex fori.*

4. The facts are stated in the judgment and no bill of exceptions was necessary. 111 Ark. 353; 163 S. W. 1140; 77 Ark. 89.

*T. B. Pryor* and *James B. McDonough,* for appellee.

1. The conclusions of fact and of law are not a part of the record. There was no motion for new trial and no bill of exceptions. 59 Ark. 178; 26 *Id.* 479; 2 *Id.* 14; 33 *Id.* 830; 22 *Id.* 224; 33 *Id.* 830; 21 *Id.* 454; 46 *Id.* 17; 214 S. W. 67; 109 Ark. 543. See also 84 Ark. 342; 38 *Id.* 568; 9 *Id.* 67; 11 *Id.* 627; 81 *Id.* 332; 64 *Id.* 483.

2. The contract is not before this court. *Supra.* The original contract is not in the record at all.

3. The contract is void as against public policy and the rule in *Davis* v. *Webber* has not been changed. Acts 1909, p. 892; Kirby & Castle's Digest, § 463. There is nothing here to show when the action was commenced, there being no bill of exceptions.

4. **The contract is** not separable, but if so the whole contract is void under *Davis* v. *Webber.*

5. The validity of the contract is determined by the circumstances in each case.

6. On the allegations of the intervening petition they are not supported by the evidence and the judgment should be affirmed.

HART, J., (after stating the facts). There is no bill of exceptions, and this court can only review the judgment of the court below for errors appearing on the face of the record. The pleadings are a part of the record and need not be set forth in a bill of exceptions. *London* v. *Hutchens,* 80 Ark. 410; *Jones* v. *Jackson,* 86 Ark. 191, and *Morrison* v. *St. Louis & San Francisco Rd. Co.,* 87 Ark. 424. The petition of the attorney is one of the pleadings in the case and is a part of the record proper. The contract between the attorney and the plaintiff in the personal injury action, and which is filed as an exhibit to the petition, is the foundation of the action and is therefore also a part of the record proper. *Sorrells* v. *McHenry,* 38 Ark. 127; *Newton as Collector* v. *Askew,* 53 Ark. 476; *Hudson* v. *Newton,* 83 Ark. 223, and *North State Fire Ins. Co.* v. *Dillard,* 88 Ark. 473.

The judgment of the court below recited that the court found that the material allegations of the intervener's petition were sustained by the evidence and that under the contract, if valid, he was entitled to recover his attorney's fees in the sum of $3,718.33 with the statutory lien for same on the railroad's property. He was denied relief, however, solely on the ground that his contract was void.

It is well settled in this State that no bill of exceptions is necessary where the judgment of the lower court reciting the facts shows error on its face. *Shattuck* v. *Lyons,* 62 Ark. 338; *Shane* v. *Dickson,* 111 Ark. 353; *Baucum* v. *Waters,* 125 Ark. 305; *Davis, Admr.,* v. *McCandless,* 130 Ark. 538, and *First National Bank of Fort Smith* v. *Thompson,* 124 Ark. 161. In the last mentioned case the court held that a cause will be reversed where the court's rulings of law are inconsistent with his findings of fact.

In the case at bar the court found the facts in favor of the attorney but denied him relief on the ground that his contract was void and that he could not recover thereunder. It results from the views we have expressed that, in determining whether the conclusions of law of the court are inconsistent with its findings of fact, we may

consider the record proper, and that includes the petition of the attorney, the contract between the attorney and client, which was made an exhibit to the petition and is the foundation of the action and the judgment itself.

Counsel for the railroad company seek to uphold the judgment upon the authority of *Davis* v. *Webber,* 66 Ark. 190. In that case the court held that a stipulation in a contract for an attorney's fee for prosecuting a suit that the client shall not settle the suit without the attorney's consent was void as against public policy; and that if such stipulation was not severable from the rest of the contract, but was an inducement for entering it, the entire contract was void. In that case the attorney sued his client to recover for services as attorney under a certain contract and to enforce his statutory lien for the amount due him upon certain property recovered. The contract in that case, as in the case at bar, contained a clause that the client should make no settlement or compromise of the case without the consent of his attorney. The court said that this clause was fatal to the entire contract and was not severable from it because it seemed to have been the inducement for entering upon the contract. The reason given was that, under our statute as it then existed, when any judgment was recovered in a court of record in favor of any party, his attorney in the action had a lien upon an interest in the judgment for the amount of his fee which could be enforced in a proceeding in the court in which the judgment was rendered. The court said after judgment was rendered the parties to the suit might settle if they wished, but, before there could be any satisfaction of the judgment, the attorney's fee should be paid. Before judgment, however, the attorney could only trust the integrity and judgment of his client not to compromise without advising him and making arrangements about his fee. In short, under the statute as it then existed the parties to the suit could settle the case before judgment and thus deprive the attorney of his lien upon the property for any claim upon the adversary party. Thus it was of distinct advantage to the

attorney to have a clause in the contract providing that the case should not be settled without his consent. Such a clause, if enforceable, would also be of disadvantage to the adversary party, for it would prevent him from compromising or settling the case. For this reason the clause was held not to be severable and to avoid the entire contract. Our present statute is essentially different. Under it the lien which the statute gives the attorney follows the cause of action throughout without interruption and attaches to that in which the right of action is merged. If judgment is obtained, the lien attaches to that; if compromise or settlement is made either before or after judgment, the lien attaches to that, and in each case the attorney's interest is such that it cannot be defeated or satisfied by a voluntary payment to his client without his consent. *St. L., I. M. & So. Ry. Co.* v. *Hays & Ward,* 128 Ark. 471. In that case the court held that, while the parties to the suit have the right to settle it, the attorney's lien act requires that they shall take into consideration the fact that the attorney has a lien upon the cause of action and provides for its enforcement in the action, to the end that the parties may not ignore his lien and deprive him of his rights under his contract with his client.

Thus it will be seen that under the present attorney's lien statute no advantage could accrue to the attorney by inserting a clause providing that the client should not settle the case without his consent and the adversary party could not be hurt by the insertion of such a clause; for, as we have already seen, this clause could not prevent the parties from settling, and in the event that they did settle the attorney had a lien for his fee which the adversary party could not ignore. In other words, the railroad company was under no obligation to observe such an agreement, and it could not deprive it of its right to compromise the action, but under the statute it could not ignore the attorney nor deprive him of his fee, whether the compromise was made before or after judgment.

In *Newport Rolling Mill Co.* v. *Hall,* 144 S. W. 760, the Court of Appeals of Kentucky in discussing a similar question said:

"It is maintained by counsel for appellant, and there is authority to support it, that this stipulation vitiated the entire contract, while it is insisted for appellee that the contract is divisible, and that the obnoxious clause can be stricken out and the remainder of the contract sustained. It is often quite difficult to determine whether a contract is severable or entire, and this question frequently arises in the construction of contracts, parts of which are valid and parts invalid. The general rule is that, if the obnoxious feature of a contract can be eliminated without impairing its symmetry as a whole, the courts will be inclined to adopt this view as the one most likely to express the intention of the parties; but, if the good and bad are so interwoven that they cannot be separated without altering or destroying the general meaning and purpose of the contract, the good must go with the bad, and the whole contract be set aside."

In the application of this rule we think the contract in the case at bar is a severable one and that the clause against a compromise without the consent of the attorney may be eliminated without affecting the validity of the remainder of the contract. The principal consideration of the contract was the obligation upon the part of the attorney to give his legal services to the client in the action and the agreement upon the part of the client to pay the attorney a stipulated sum for his services. The payment of the services of the attorney could not be defeated by any settlement of the case and could in no way injure the client or his adversary. Therefore we are of the opinion that the contract in question was a valid and binding one.

The case of *McClain* v. *McFarlane,* 135 Ark. 602, relied upon by counsel for the railroad company, does not in anywise conflict with the views we have herein expressed. The court in that case said that the contract under consideration did not contain a clause which pre-

vented the client from settling his claim without the consent of his attorney, but that it only provided that the lawyer could not make a settlement without the consent of his client. Hence the question involved in the case at bar was not in issue in that case and was not decided.

Finally, it is insisted that the contract was made without the State and for that reason is not enforceable. But little need be said with regard to this phase of the case. The contract contemplated that it was to be performed in Arkansas, and the suit was in fact brought here. Therefore the law of this contract was in Arkansas. *Midland Valley Rd. Co.* v. *Moran Bolt & Nut Manufacturing Co.,* 80 Ark. 399. In that case the court held that a contract is to be construed with reference to the law of the place of performance and not of the law of the place where it was originated.

It follows that the judgment must be reversed, and the cause will be remanded for a new trial.